UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CICHOWSKI FAMILY,

    Plaintiff,

v.                                                               Case No. 3:22-cv-599-TJC-PDB

CVS HEALTH CORPORATION,
CVS HEALTH SOLUTIONS, LLC,
CVS PHARMACY, INC.,
CVS RX SERVICES, INC.,

    Defendants.
_____

**O R D E R**

This case is before the Court on pending motions and for review of the file. Proceeding without a lawyer, the plaintiffs—purporting to sue as a family unit—filed a complaint alleging the defendants negligently employed a debt collector as a pharmacist in a CVS pharmacy in Palm Coast and permitted him to have access to medical information. The plaintiffs allege CVS "failed to follow Hipaa laws, medical records laws[,] AND DEBT LAWS" and they "can no longer go to CVS for reasonable fear of Retaliation." Doc. 1 at ¶¶ 12 & 16 (emphasis in original). Plaintiffs seek damages in excess of $30,000,000 and an additional $700,000 for a "public notification fund." Id. at ¶ 1.

There are several deficiencies with plaintiffs' complaint which must be corrected with the filing of an amended complaint before this case can proceed.[1] For one, plaintiffs cannot sue as a family unit.  Federal Rule of Civil Procedure 17(a) requires each plaintiff to be named individually; furthermore, because a non-lawyer cannot represent another person, each plaintiff must sign the amended complaint and represent themselves.  See 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel[.]"); FuQua v. Massey, 615 F. App'x 611, 612 (11th Cir. 2015) ("The right to appear pro se . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others.") (citation omitted). Additionally, plaintiffs name four different corporate defendants, yet impermissibly fail to allege how each of them are connected to the allegations of the complaint, referring to them collectively as "CVS" throughout the complaint.[2]  See, e.g., Robbins v. Okla., 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that a complaint which fails to allege what actions are attributable to which defendant fails to provide fair notice and violates Rule 8 of the Federal

---

[1] Although the Court reviews the filings of pro se parties with some leniency, all parties are required to follow the procedural rules.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998); GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009).

[2] From the docket, it appears that plaintiffs only asked the Clerk for one summons, apparently treating the defendants as a single entity.

2

Rules of Civil Procedure); see also Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1170 (11th Cir. 2014) (affirming dismissal of pro se plaintiff's claims against a defendant who was named in the case caption but not otherwise mentioned in the amended complaint). Furthermore, plaintiffs fail to allege that they suffered any injury, let alone one that is traceable to the conduct of any of the defendants, such as is necessary to properly allege that they have standing to sue. See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). In addition, plaintiffs' allegations fail to present a short and plain statement of the claim showing entitlement to relief and instead present a series of conclusory and vague statements. See Fed. R. Civ. P. 8(a).

If plaintiffs wish to pursue this case, they must file an amended complaint. In preparing their amended complaint, plaintiffs should consider defendants' motion to dismiss (Doc. 9), which contains additional arguments as to why this case should be dismissed, including that plaintiffs fail to allege any connection between CVS Health Corporation and Florida such as would be necessary to create personal jurisdiction over that party. See Motion to Dismiss, Doc. 9 at 6-10. The amended complaint, which must be signed by every plaintiff who intends to be a part of this lawsuit, must contain all of plaintiffs' allegations without referring back to the original complaint. The amended complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.

The Court's website has resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer. See http://www.flmd.uscourts.gov/pro_se/default.htm.

Defendants' motion for extension of time to respond to plaintiffs' complaint (Doc. 6) is **granted** and defendants' motion to dismiss (Doc. 9) is deemed to be timely filed, but is now **moot**. Plaintiffs' motions for default judgment (Docs. 4 & 17) are **denied**, as defendants timely appeared and responded to the complaint by filing a motion to dismiss. Because the Court finds plaintiffs' complaint is legally and factually deficient, plaintiffs' motions for summary judgment (Docs. 11 & 13) are **denied**.

Plaintiffs' Request to Inspect & Preserve "all emails and acts of good faith" (Doc. 10) is **denied** as both vague and overbroad. The request is also unnecessary because Rule 37(e) of the Federal Rules of Civil Procedure (which govern this case), directs all parties to take reasonable steps to preserve electronically stored information that might be relevant. See, e.g., Ala. Aircraft Indus., Inc. v. Boeing Co., No. 20-11141, 2022 WL 433457, at *14 (11th Cir. Feb. 14, 2022) (discussing the duty to preserve). Plaintiffs' Motion to Compel (Doc. 22) is **denied**.[3]

---

[3] Although the Court cannot determine what relief plaintiffs seek with this motion, it appears they are under the impression that the filing of this lawsuit precludes them from filling prescriptions at their local CVS pharmacy. They have presented no basis to believe that to be the case.

Accordingly, it is hereby

**ORDERED**:

1. No later than **September 20, 2022**, plaintiffs must file an amended complaint to correct these deficiencies. **If plaintiffs fail to file an amended complaint by the September 20, 2022 deadline, the case will be subject to dismissal without prejudice without further notice for failure to prosecute.** Defendants shall respond to the amended complaint no later than **October 14, 2022**. No other activity will take place in this case until the pleadings are settled. If and when that occurs, the Court will set deadlines for the parties to conduct a case management conference and file a case management report.

2. As stated above, Doc. 6 is **granted**; Docs. 4, 10, 11, 13, 17, and 22 are **denied**; Doc. 9 is **moot**.

**DONE AND ORDERED** in Jacksonville, Florida this 31st day of August 2022.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record
Pro se parties