## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| CICHOWSKI FAMILY, Kevin Cichowski, Christine Cichowski, Stanley Cichowski, and Christine v. Cichowski<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | Case No.: 3:22-CV-599-TJC-PDB<br><br>**DISPOSITIVE MOTION** |

### DEFENDANT'S MOTION FOR JUDGMENT ON PLEADINGS

**PURSUANT** to Fed. R. Civ. P. 12(c), Defendant, CVS Pharmacy, Inc. ("**CVS**") moves this Court for an Order granting judgment on the pleadings in its favor, and in support thereof states:

### I.   INTRODUCTION

In their latest affirmative pleading, Plaintiffs allege that CVS is liable to them on a theory of negligence. *See* Amended Complaint (the "**Complaint**") [Doc. 50]. Defendant has filed its Answer and Affirmative Defenses to the Complaint (the "**Answer**") [Doc. 51]. Upon these pleadings, the Court should enter judgment as a matter of law in favor of CVS for several independent reasons, each of which would warrant dismissal for failure to state a claim under Rule 12(b)(6): (**1**) *first*, the Complaint seeks to hold CVS liable in negligence for the conduct of a third party, Mr. Kes. *See* Complaint,

¶ III.  However, no special relationship is alleged or could be alleged which would create any duty on the part of CVS to control the conduct of Mr. Kes; (**2**) *second*, Plaintiffs have not alleged and cannot prove that any injury they allegedly suffered was the proximate result of any act or omission by CVS based on the allegations in the Amended Complaint.  In addition, as set forth in the Third Affirmative Defense, the inability of Plaintiffs to allege or establish this crucial element of causation is dispositive in CVS's favor.  Based only on the Complaint, it is clear that Plaintiffs cannot establish this element on the facts of this case; (**3**) *third*, to the extent that Plaintiffs are proceeding against CVS on a vicarious liability theory, the Complaint also concedes that Mr. Kes' alleged misconduct—which purportedly underpins Plaintiffs' claim—took place entirely outside the scope of Mr. Kes' employment with CVS, thereby extinguishing any basis for holding CVS vicariously liable for that conduct; and (**4**) *fourth*, the Complaint asserts that Plaintiffs sustained only emotional distress as a result of CVS's alleged negligence, described in the Complaint as "traumatic emotional trauma". *See* Complaint, ¶ III.  The "impact rule"—which is pled in the Second Affirmative Defense—bars any recovery of damages for emotional distress where, as here, the alleged emotional distress is unconnected to any physical impact or injury.  This result follows notwithstanding Plaintiffs' bare assertion that CVS was in fact *grossly* negligent. *See* Complaint, ¶ III.

## II.  PROCEDURAL AND FACTUAL HISTORY

Plaintiffs' original Complaint [Doc. 1] was dismissed upon CVS's Motion ("**First Dismissal Motion**") [Doc. 9] per this Court's August 31, 2022 Order [Doc. 23], which

directed Plaintiffs to amend their Complaint so as to correct the numerous issues raised in the First Dismissal Motion. The First Amended Complaint [Doc. 24] was timely filed on September 19, 2022 and alleged a panoply of unfounded causes of action against CVS, including negligence and violations of the Fifth Amendment to the United States Constitution, the Fair Debt Collection Practices Act, and the Health Insurance Portability and Accountability Act. CVS filed a motion to dismiss this Second Amended Complaint on October 13, 2022 ("**Second Dismissal Motion**") [Doc. 25]. During the pendency of the Second Dismissal Motion, this Court ruled upon several additional interim motions and held a status conference on May 30, 2023. On June 5, 2023 and by means of oral motion [Doc. 46], Plaintiffs sought leave of this Court to file an additional amendment to their Complaint. This Court granted the requested leave in its Order dated June 8, 2023 [Doc. 49], and Plaintiffs filed the instant Second Amended Complaint on June 15, 2023 [Doc. 50]. CVS filed its Answer and Affirmative Defenses to the Second Amended Complaint on June 29, 2023 [Doc. 51].

Now that CVS has filed its Answer and Affirmative Defenses, it is clear that the Court should enter judgment as a matter of law in favor of CVS.

### III. LEGAL STANDARD

#### A. JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings in this case are closed: Plaintiffs filed

3

the Complaint; CVS filed its Answer; and no counterclaims, crossclaims, or third-party complaints have been filed. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (discussing closing of pleadings under Fed. R. Civ. P. 7(a)); *see also* Fed. R. Civ. P. 7(a) (listing permissible pleadings). Accordingly, a motion pursuant to Rule 12(c) is currently timely and proper. Several relevant considerations are outlined below:

The standard under Rule 12(c) mirrors that under Rule 12(b)(6). "A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *U.S. v. Wood*, 925 F.2d 1580, 1581 (11th Cir. 1991). *See also Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (applying the Rule 12(b)(6) standard to motions filed pursuant to Rule 12(c)); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) ("A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)."). Thus, to survive a motion for judgment on the pleadings, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the complaint alleges enough facts to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556.

The Court need not and should not assume the truth of conclusory allegations or denials as to legal conclusions. While "all well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff," *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273, n.1 (11th Cir. 1999) (citing *Hawthorne*, 140 F.3d 1367, 1370), the same liberal reading does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). In fact, the court should disregard averments and need not accept the non-moving party's conclusions as true, only its well-pleaded facts; in other words, conclusory denials and legal conclusions do not create issues of material fact. *Oriental Republic of Uru. v. Italba Corp.*, 606 F.Supp.3d 1250, 1260 (S.D. Fla. 2022). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678-79.

The Complaint's exhibits may be considered since they are central to the claims and their authenticity is not in dispute. A court may also properly consider documents attached to the complaint so long as they are: (**1**) central to the plaintiff's claim; and (**2**) undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)); *accord Oriental Republic*, 606 F. Supp. 3d at 1259. Otherwise, the court is precluded from relying on matters outside the pleadings. *Urribari v. 52 SW 5th CT WHSE, LLC*, 266 So. 3d 1257, 1262 (Fla. 4th DCA 2019).

## B. LAW OF NEGLIGENCE

Under the common law of the State of Florida, a claim of negligence requires a plaintiff to plead facts to plausibly show: (**1**) a legal duty owed by the defendant to protect the plaintiff from an unreasonable risk of harm; (**2**) a breach of that duty by the defendant; (**3**) injury to the plaintiff legally caused by the defendant's breach; and (**4**) damages as a result of that injury. *See Jackson Hewitt, Inc. v. Kaman*, 100 So.3d 19, 27-28 (Fla. 2d DCA 2011) (citing *Clay Elec. Coop., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003)).

### (1) DUTY TO CONTROL CONDUCT OF THIRD PERSONS

Under Florida common law, a person has no duty to control the conduct of another. *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir. 1994) (applying Florida law); *Doe v. Faerber*, 446 F.Supp.2d 1311, 1319–1320 (M.D. Fla. 2006) (applying Florida law). Nor does a person have a duty to warn those placed in danger by such conduct, unless a special relationship exists between the defendant and either the persons whose behavior needs to be controlled, or the foreseeable victim of such conduct. *Twiss*, 25 F.3d 1551, 1555 (applying Florida law).  Thus, Florida recognizes the special relationship exception to the general rule of nonliability for third-party misconduct, where the existence of a special relationship gives rise to a duty to control the conduct of third persons so as to prevent them from harming others. *T.W. v. Regal Trace, Ltd.*, 908 So.2d 499, 503 (Fla. 4th DCA 2005); *K.M. ex rel. D.M. v. Publix Super Markets, Inc.*, 895 So.2d 1114, 1117 (Fla. 4th DCA 2005).  The special relationship must include the right or the ability to

6

control another's conduct. *Lott v. Goodkind*, 867 So.2d 407, 408 (Fla. 3d DCA 2003) (citing Restatement Second, Torts § 319). No such special relationship has been alleged, as one did not exist.

### (2) PROXIMATE CAUSATION

The issue of proximate causation concerns "whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." *McCain v. Florida Power Corp.*, 593 So.2d 500, 502 (Fla. 1992). The Florida Supreme Court has stated that "harm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." *McCain*, 593 So.2d at 503. "A remote condition or conduct which furnishes only the occasion for someone else's supervening negligence is not a proximate cause of the result of the subsequent negligence." *Whitehead v. Linkous*, 404 So.2d 377, 379 (Fla. 1st DCA 1981). As was recognized by the Florida Supreme Court:

> On the issue of the fact of causation, as on other issues essential to his cause of action for negligence, the plaintiff, in general, has the burden of proof. He must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.

*Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So.2d 1015, 1018 (Fla. 1984) (quoting *Prosser, Law of Torts* § 41 (4th Ed.1971)).

Certainly being served with process by a company other than Defendant CVS does not—and cannot—make Defendant CVS's operation of a pharmacy department the proximate cause of any issues Plaintiffs allege. This is a *res ipsa loquitor* moment – there is no legal basis for claiming CVS is the proximate cause of any injury.

### (3) VICARIOUS LIABILITY

Vicarious liability is an exception to the normal principle of individualized fault which allows a plaintiff to seek redress from another who is not the party primarily responsible for the alleged wrong. 38 Fla. Jur 2d Negligence § 98. The vicariously liable party has not breached any duty to the plaintiff but is instead legally imputed liability for another party's tortious acts. *American Home Assur. Co. v. National Railroad Passenger Corp.*, 908 So.2d 459, 467 (Fla. 2005); *Dabasse v. Reyes*, 963 So.2d 288, 291 (Fla. 2d DCA 2007). In the State of Florida, "an employer is vicariously liable for an employee's tortious conduct where the conduct occurs within the scope of the employment." *Fields v. Devereux Found., Inc.*, 244 So.3d 1193, 1196 (Fla. 2d DCA 2018) (citing *Garcia v. Duffy*, 492 So.2d 435, 438 (Fla. 2d DCA 1986)). An employee's conduct is deemed to be "within the scope of [the] employment" if it occurs substantially within the time and space limits authorized by the employment and is at least partially activated by a purpose to serve the employer. *See Hennagan v. Dep't of Highway Safety & Motor Vehicles*, 467 So.2d 748, 751 (Fla. 1st DCA 1985).

As outlined below, Plaintiffs have not and cannot establish vicarious liability, even if—which CVS denies—employing a process server as an employee of CVS were somehow an element of any cause of action.

### (4)   IMPACT RULE

The "impact rule" requires that before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact from an external source. *Pipino v. Delta Air Lines, Inc.*, 196 F.Supp.3d 1306, 1316–1317 (S.D. Fla. 2016) (applying Florida law). In the absence of an impact from an external source, a plaintiff can still satisfy the impact rule by demonstrating that (**1**) the claim arises from a situation in which the "impact" requirement is relaxed and (**2**) that the plaintiff manifested some physical injury or illness as a result of the emotional trauma. *Id*. This extension of the impact rule has been found to apply in situations where the plaintiff suffered "death or significant discernible physical injury, when caused by psychological trauma resulting from a negligent injury imposed upon a close family member within the sensory perception of the physically injured person." *Id*., at 1317 (quoting *Champion v. Gray*, 478 So.2d 17, 18 (Fla. 1985), receded from in part on other grounds, *Zell v. Meek*, 665 So.2d 1048, 1053–54 (Fla. 1995).

The "impact rule" essentially provides that, in an action for simple negligence, there can be no recovery for mental or emotional pain and suffering unconnected with physical injury. *Thomas v. Hospital Bd. of Directors of Lee County*, 41 So.3d 246, 253

9

(Fla. 2d DCA 2010); *Faurote v. United States*, 8:17-CV-2317-T-36CPT, 2018 WL 3417113, at *3 (M.D. Fla. July 13, 2018). Thus, a party is not entitled to damages on a claim where the party fails to show an impact or physical injury. *Miami-Dade County v. Cardoso*, 922 So.2d 301, 302 (Fla. 3d DCA 2006). The underlying basis for the "impact rule" is that allowing recovery for injuries resulting from purely emotional distress would risk burdening the court system with a flurry of fictitious or speculative claims. *See Woodard v. Jupiter Christian School, Inc.*, 913 So.2d 1188, 1190 (Fla. 4th DCA 2005) (citing *R.J. v. Humana of Florida, Inc.*, 652 So.2d 360, 362 (Fla. 1995)). As outlined below, the impact rule bars Plaintiffs' recovery even if none of the previously discussed independent grounds supporting this Motion for Judgment on the Pleadings were present.

## IV.     DISCUSSION

### A.     The Complaint Fails to State a Claim for Negligence Against CVS

The Complaint alleges without factual predicate that CVS was negligent, but the allegations in the Complaint demonstrate that Plaintiffs cannot establish any claim of negligence against CVS, as discussed below.

#### (1)     CVS is Under No Duty to Control Third Persons.

The Complaint alleges that CVS "was grossly negligent" by virtue of the conduct of Mr. Kes—namely, following and stalking Plaintiffs—on the evening of May 26, 2022. *See* Complaint, ¶ III. Attached to the Complaint is an excerpted transcript from this Court's status conference held on May 30, 2023. Certain lines from this transcript appear

10

to have been underlined by Plaintiffs, such as where counsel for CVS reports that Mr. Kes "part time works at the process service company; full time is a pharmaceutical tech at CVS". *See* Complaint, Ex. A, 11:23–34. This transcript also reflects agreement that "the pharmacist occasionally serves process" but that he "did not try to serve the plaintiffs here". *See* Complaint, Ex. A, 12:15–21. Indeed, the Complaint indicates that the subject incident was related to Mr. Kes' receipt of an "Order of Process." *See* Complaint, ¶ III.

The incident, as alleged, together with the excerpted transcript, makes clear that the conduct at issue was entirely that of Mr. Kes, who is a non-party. Under Florida common law, CVS would have no duty to control Mr. Kes' conduct. *Twiss*, 25 F.3d at 1555. CVS would also have no duty to warn the Plaintiffs of any danger posed by Mr. Kes' conduct absent a special relationship—which necessarily would include the right or ability to control another's conduct, *Lott v. Goodkind*, 867 So.2d at 408—between CVS and either Mr. Kes or the Plaintiffs, neither of which exists on the facts alleged. Accordingly, CVS was under no duty of care vis-à-vis the incident and individuals described in the Complaint. *Twiss*, 25 F.3d at 1555; *Doe*, 446 F.Supp.2d at 1319–1320. Therefore, Plaintiffs fail to state a claim in negligence upon which relief may be granted.

**(2)  The Allegations in the Complaint Demonstrate that Plaintiffs Cannot Establish Proximate Causation.**

For similar reasons as described above, Plaintiffs cannot establish a causal relationship between the harms they allegedly suffered and any act or omission of CVS. A tort plaintiff must introduce evidence which affords a reasonable basis for the

11

conclusion that it is more likely than not that the defendant's conduct was a substantial factor in bringing about the result; a mere possibility of such causation is not enough. *Gooding*, 445 So.2d at 1018. Far from this, Plaintiffs here do not even suggest that CVS had any role in the offending conduct of Mr. Kes. Instead, Plaintiffs allege that they suffered trauma "*after* being followed and stalked" by Mr. Kes." See Complaint, ¶ III (emphasis added). This phrasing neither alleges causation nor implicates CVS at all.

Viewing the Complaint's allegations in the light most favorable to the non-moving party, *Bryant*, 187 F.3d at 1273, this Court *might* entertain an argument that Mr. Kes' employment with CVS afforded him certain access to records and information pertaining to the Plaintiffs, which Mr. Kes conceivably *could have* used to his advantage in performing his side job as a part-time process server. However, even this would be insufficient for purposes of showing proximate causation. *See Whitehead*, 404 So.2d at 379 (holding that a remote condition or conduct which furnishes only the occasion for someone else's supervening negligence is not a proximate cause of the result of the subsequent negligence). The Complaint fails to state a claim upon which relief may be granted because it does not even allege facts which might support a finding of proximate causation, which finding is essential to the Plaintiffs' case.

      **(3)    CVS Cannot be Held Vicariously Liable Because Mr. Kes Was Not Acting Within the Scope of His CVS Employment.**

Even if Plaintiffs were able to establish that Mr. Kes had acted negligently and caused compensable damages to them, this would not operate to assign liability to CVS

because Mr. Kes was not acting in the scope of his employment with CVS when the alleged incident occurred. *See Fields*, 244 So.3d at 1196 (requiring that negligent conduct occur within scope of employment in order to support vicarious liability of employer). Indeed, an employee's conduct is deemed to be "within the scope of [his] employment" if it occurs substantially within authorized time and space limits and is activated at least in part by a purpose to serve the employer. *Hennagan*, 467 So.2d at 751. Here, however, Plaintiffs specify that the alleged misconduct of Mr. Kes occurred at or near the time that Mr. Kes "accepted an Order of Process." *See* Complaint, ¶ III. The Complaint goes on to allege that Mr. Kes "followed and stalked" the Plaintiffs "at night". *Id*. This makes clear that the alleged misconduct occurred while Mr. Kes was working "part time. . . at the process service company" instead of while he was performing his full-time job as "a pharmaceutical tech at CVS". *See* Complaint, Ex. A, 11:23–34. These facts, which Plaintiffs concede, completely extinguish any basis upon which CVS might be held vicariously liable for Mr. Kes' conduct.

### (4) The Allegations in the Complaint Demonstrate that Plaintiffs' Recovery is Barred by the Impact Rule.

Finally, all of Plaintiffs' alleged damages are barred by the Impact Rule. The Impact Rule provides that, in an action for simple[1] negligence, there can be no recovery

---

[1] Plaintiffs' naked declaration that CVS was "grossly negligent" does not remove the claim from this analysis. While the Court should accept as true all well-pleaded facts, it should disregard "legal conclusions" such as this one, as these do not create issues of material fact. *See Oriental Republic of Uru.*, 606 F. Supp. 3d at 1260.

for mental or emotional pain and suffering *unconnected with physical injury*. *Thomas*, 41 So.3d at 253 (emphasis added); *Faurote*, 8:17-CV-2317-T-36CPT, 2018 WL 3417113, at *3.

Here, Plaintiffs allege damages flowing **only** from mental distress or emotional pain and suffering. *See* Complaint, ¶ III (alleging traumatic psychological trauma, sleepless nights, excess fear, and flashbacks). Indeed, the specific conduct which they allege caused these symptoms is being "followed and stalked" by Mr. Kes. *See id*. By their plain definitions, neither "following" nor "stalking" entails any physical impact. *See* STALKING, Black's Law Dictionary (11th ed. 2019) (defining same as "following another" or "following or loitering near another"). This, moreover, is supported by Plaintiffs' failure to allege in their Complaint that any physical contact involving Mr. Kes occurred. The Impact Rule unambiguously precludes Plaintiffs from obtaining any recovery against CVS on the facts alleged.

## V.   CONCLUSION

In light of the foregoing, upon the pleadings, CVS is entitled to judgment as a matter of law under Rule 12(c). As set forth above, the Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) for four independent reasons: (**I**) the Complaint seeks to hold CVS liable in negligence for the conduct of a third party over whom CVS bears no legal responsibility; (**II**) the issue of proximate causation, which is central to Plaintiffs' sole claim, cannot be established based on the facts as alleged; (**III**) any attempt to hold CVS vicariously liable fails because the Complaint

14

admits that Mr. Kes was acting entirely outside the scope of his employment with CVS when the alleged misconduct occurred; and (**IV**) the Impact Rule bars any recovery of damages for emotional distress where—as here—these emotional injuries and damages are unconnected to any physical impact.

**WHEREFORE**, Defendant, CVS Pharmacy, Inc., respectfully requests that this Court enter judgment on the pleadings in its favor, that Plaintiffs take nothing, and that this matter be dismissed with prejudice.

Dated: July 7, 2023

Respectfully submitted,

**AKERMAN LLP**

By: */s/ Christian P. George*
**Christian P. George**
Florida Bar Number: 41055
Primary Email: christian.george@akerman.com
Secondary Email: susan.scott@akerman.com
Secondary Email: jennifer.meehan@akerman.com
**Cindy A. Laquidara**
Florida Bar Number: 394246
Primary Email: cindy.laquidara@akerman.com
Secondary Email: kim.cranier@akerman.com
**Adam C. Remillard**
Florida Bar No. 1002568
Primary Email: adam.remillard@akerman.com
Secondary Email: maggie.hearon@akerman.com

50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
T | (904) 798-3700
F | (904) 798-3730

*Attorneys for CVS Pharmacy, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 7, 2023, a true and correct copy of the foregoing was electronically filed using the CM/ECF electronic filing system which will automatically serve a copy on all registered CM/ECF users; and by E-mail and U.S. mail on plaintiff (non-registered CM/ECF user):

**The Cichowski Family,** *pro se*
Kevin Cichowski,
Christine Cichowski,
Stanley Cichowski, and
Christine v. Cichowski

37 Cleveland Court
Palm Coast, Florida 32137

cvslawsuitflorida@gmail.com

                                                  */s/ Christian P. George*
                                                  Attorney